AGNES HODGES WILLIAMSON v. WILLIAM HARVEY WILLIAMSON, JR.

No. 732DC675

(Filed 20 February 1974)

1. Divorce and Alimony §§ 16, 23— alimony and child support order — insufficiency of findings of fact

The trial court's order requiring defendant to pay alimony in an amount equal to 40% of all income received by defendant and child support in an amount equal to 20% of all income received by defendant was not supported by proper findings of fact where the evidence tended to show that two businesses were the principal source of income for the parties but there was some question as to whether the parties were partners in the operation of the businesses.

2. **Divorce and Alimony §§ 16, 23— alimony and child support order — effect of parties' consent**

     In an action for alimony without divorce and child custody and support, the parties cannot, by their consent, enable a trial judge to enter an order not based upon consideration of the several factors listed in G.S. 50-13.4(c) and G.S. 50-16.5(a).

APPEAL by plaintiff and defendant from *Ward, Judge,* 16 May 1973 Session of District Court held in BEAUFORT County.

This is a civil action instituted by the plaintiff, Agnes Hodges Williamson, in which she seeks from defendant, William Harvey Williamson, Jr., alimony without divorce and custody and support of their minor child. Plaintiff alleged in her complaint, among other things, that defendant had offered her such indignities as to make her life with him intolerable, that he had committed adultery, that the parties had been separated since 5 February 1972, and that defendant was engaged in a course of conduct designed to destroy the mobile home business which the plaintiff and defendant had worked so hard to develop into a thriving and prosperous enterprise. Plaintiff, in her prayer for relief, also sought an order (1) forbidding the defendant to go upon their businesses (Mimosa Mobile Home Sales and Mimosa Mobile Manor) and (2) providing for an "equitable division of the property owned by the plaintiff and defendant and acquired through their joint efforts . . . including a division of all real estate, stocks, bonds, and cash."

The defendant filed an answer and counterclaim in which he admitted that he had embarked upon a course of conduct in which he increasingly consumed substantial quantities of alcoholic beverages and began staying away from home until late at night and that by this and other conduct defendant had offered such indignities to the plaintiff as to render her life with him burdensome and intolerable. Defendant further admitted that the parties had been separated since 5 February 1972; however, he denied the allegations that he had committed adultery and that he was disrupting the businesses. Defendant also admitted in his answer that Mimosa Mobile Home Sales and Mimosa Mobile Manor had been his principal source of income for several years, but he denied that he and his wife were partners in the business and had employed their joint efforts to produce a successful operation. In fact, the defendant alleged that "[p]laintiff installed herself in Defendant's place of business, refused to leave, interfered with Defendant's operation of

the business, and provoked Defendant to such an extent that it was necessary for Defendant to leave in order to avoid a fracas . . . . " In his prayer for relief defendant requested an order for an accounting and that the following measures also be taken:

"3. That the Court issue an order herein requiring the Plaintiff to surrender all of Defendant's personal property, all of the real property of Defendant, and held by Defendant and Plaintiff by the entireties, except the home formerly occupied by the Plaintiff and Defendant and now occupied by the Plaintiff alone, and that Plaintiff be granted a writ of possession for said home if she so desires.

"4. That after said accounting shall be submitted and said property shall be surrendered, that the Court enter an order herein allotting to the Plaintiff reasonable alimony pendente lite and counsel fees, if it shall appear that Plaintiff has not sufficient means whereon to subsist during the prosecution and defense of this suit . . . .

"5. That the Court enter an order herein allotting to the Plaintiff alimony in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of this particular case."

By agreement of the parties this case was heard by the court without a jury; and on 21 October 1972, the court heard the evidence of the plaintiff and defendant, at which time counsel for both parties requested the opportunity to submit to the court proposed findings of fact and conclusions of law and a memorandum of authorities. This request was granted by the court.

On 10 April 1973, the court entered an interim order which provided the parties the further opportunity to present evidence to the trial court on 11 May 1973. On 20 April 1973 the defendant made a motion pursuant to G.S. 1A-1, Rule 52(b) of the Rules of Civil Procedure to amend and supplement the findings of fact and conclusions of law and judgment contained in the Order of 10 April 1973.

The scheduled 11 May 1973 hearing was not held as the court was informed by attorneys for the plaintiff that all parties " . . . want something entered in this case so that either one or

both of us can appeal from a final order if it is *anywhere near similar* (their emphasis) to the interim order which you have already entered."

On 16 May 1973, the court entered an Order denying the defendant's motion of 20 April 1973 to amend and supplement the findings of fact and conclusions of law and judgment contained in the order previously entered on 10 April 1973, and on this same date the court also entered its final order.

This final order contained findings of fact and conclusions of law which, except where quoted, are summarized as follows:

Defendant and plaintiff were lawfully married on 2 February 1945 and five children were born of the marriage. Beginning in July 1971, the defendant indulged excessively in the consumption of alcoholic beverages, assaulted the plaintiff, offered such indignities to the plaintiff as to render the condition of the plaintiff intolerable and her life burdensome, and committed adultery with one Betty Ward. These events culminated in the separation of plaintiff and defendant in February 1972.

"[P]rior to the separation between the Plaintiff and the Defendant, Plaintiff and Defendant operated Mimosa Mobile Manor and Mimosa Mobile Homes . . . . [B]oth Plaintiff and Defendant contributed their energies and talents towards the management of these unincorporated businesses [and these businesses] . . . constituted the principal sources of income of Plaintiff and Defendant."

"[S]ince the separation between Plaintiff and Defendant . . . the businesses formerly managed by Plaintiff and Defendant have been managed by the Plaintiff [and] . . . the Plaintiff has forced the Defendant to abandon his operation of said businesses and has managed said businesses contrary to the wishes of the Defendant."

Findings as to the real estate owned individually by defendant and by plaintiff and defendant as tenants by the entirety were also made by the court; however, the court made no finding as to the value of this land as no evidence had been introduced to establish the fair market value of the real estate. The court also found as a fact that defendant owned certain stock certificates, bonds, and insurancs policies which had a fair market value of $12,154.75.

Williamson v. Williamson

Finally, the court concluded that the plaintiff was a dependent spouse; that the defendant was a supporting spouse; that the defendant had constructively abandoned plaintiff and her minor child; that defendant was required to pay child support to the minor child and alimony; that the defendant is entitled to manage the two businesses (Mimosa Mobile Manor and Mimosa Mobile Home Sales) without interference from the plaintiff.

After making the foregoing findings of fact and conclusions of law the court entered an order requiring (1) that plaintiff relinquish her control of Mimosa Mobile Manor and Mimosa Mobile Home Sales and "refrain from molesting or interfering with said defendant in his operation of . . . said businesses"; (2) that defendant pay plaintiff the sum of $200.00 per week as compensation for her management of said businesses from February to September 1972; (3) that defendant pay alimony to the plaintiff in an amount "equal to forty percent (40%) of all income received by the Defendant of whatever kind or character"; (4) that defendant pay child support in an amount "equal to twenty percent (20%) of all income received by Defendant of whatever kind or character."

Both plaintiff and defendant appealed from the final order.

*Wilkinson, Vosburgh & Thompson by James R. Vosburgh and Leroy Scott for plaintiff appellant.*

*McMullan, Knott & Carter by Lee E. Knott, Jr., for defendant as appellant and appellee.*

HEDRICK, Judge.

Both parties, among other things, contend that the trial court erred in ordering the defendant to pay (1) alimony in an amount equal to forty percent (40%) of all income received by defendant and (2) child support in an amount equal to twenty percent (20%) of all income received by defendant. An order awarding alimony payments to a dependent spouse and support payments to a minor child must be founded upon proper consideration of "the estates, earnings, earning capacity, conditions, accustomed standard of living of the parties (or child), and other facts of the particular case. G.S. 50-13.4(c) and G.S. 50-16.5(a).

The trial court in the instant case found as a fact, and both parties concede, that the principal source of income for plaintiff

and defendant has been from the operation of Mimosa Mobile Home Sales and Mimosa Mobile Manor; however, the parties disagree as to the form of ownership and the right to manage and operate these businesses. Plaintiff maintains that the businesses were owned and operated as a partnership and that she is entitled to an order "forbidding the defendant to go upon the premises of the Mimosa Mobile Homes or Mimosa Mobile Manor and otherwise engage in any activites which would be harmful to the businesses . . . . " Defendant contends that he is the owner of the businesses and is entitled to manage and operate the businesses free from the interference of plaintiff.

[1]  While the trial court in its findings of fact appeared to adopt plaintiff's partnership position, it nevertheless concluded that the two businesses should be placed in the control of defendant and "that [plaintiff] should refrain from molesting or interfering with said Defendant in his operation of any of said businesses . . . . " Obviously, the answer to the question of which party is entitled to operate, manage, and receive profits from the businesses is critical in determining the relative needs and abilities of the parties with respect to the payment of alimony and child support to the dependent spouse. If the parties are in fact partners in the businesses which are the principal source of income for the parties, the trial judge clearly did not take this fact into consideration in ordering defendant to pay alimony in an amount equal to 40% of all income received by defendant and child support in an amount equal to 20% of all income received by defendant. Therefore, the trial court's order with respect to the amount of alimony and child support is not supported by proper findings of fact. Furthermore, this error was compounded by a complete absence of evidence or findings of fact as to any other income of the parties or as to the value of the home and other property owned by the plaintiff and defendant.

[2]  Lacking the basic information detailed in G.S. 50-13.4(c) and G.S. 50-16.5(a), the trial court could not properly enter an order for child support or alimony; nevertheless, we must hasten to point out that the precarious position in which the trial court found itself and the order granting child support and alimony which it rendered were the direct result of noncompliance by both parties in failing to adhere to the court's request that all parties appear before it "for the sole purpose of introducing evidence, if any they care to offer, regarding the

estates, earnings, earning capacity, conditions, and accustomed standard of living of the parties . . . ." In fact, the parties informed the trial judge that "[both parties] want something entered in this case so that either one or both of us can appeal from a Final Order if it is *anywhere near similar* (their emphasis) to the interim order which you have already entered . . . ." The parties, by their consent, cannot enable a trial judge to enter an order not based upon consideration of the several factors listed in G.S. 50-13.4 (c) and G.S. 50-16.5 (a).

For the reasons stated, the Final Order entered in this cause is vacated and the case is remanded to the district court for a

New trial.

Judges MORRIS and VAUGHN concur.